IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELMER LAMONT CHAVIS, # 245609, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:15cv496-MHT |
| | ) (WO) |
| JEFFERSON S. DUNN, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed through counsel on behalf of petitioner Elmer Lamont Chavis ("Chavis"). Doc. No. 1. Chavis challenges his three convictions for first-degree rape obtained following a January 2006 jury trial in the Circuit Court of Houston County. On February 28, 2006, the trial court sentenced Chavis as a habitual felony offender to life imprisonment for each conviction, with the sentences to run consecutively.

In his instant habeas petition, Chavis claims that the prosecution failed to disclose exculpatory *Brady* material[1] prior to his trial. *Id*. at 1-7. His petition, however, is subject to summary dismissal because it is a second or successive habeas application and has been filed without the requisite pre-certification from the Eleventh Circuit Court of Appeals authorizing

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963).

this court to consider a successive habeas application.

## II.  DISCUSSION

This court's records reflect that Chavis filed a previous petition for habeas corpus relief under 28 U.S.C. § 2254 on March 23, 2009, challenging the same rape convictions and life sentences imposed against him in 2006 by the Circuit Court of Houston County.[2] *See Chavis v. Wise, et al.*, Civil Action No. 1:09cv574-WKW, Doc. No. 1. In that previous habeas action, this court denied Chavis relief on all claims and dismissed the case with prejudice. *See id.*, Doc. Nos. 36-38.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[3] 28 U.S.C.

---

[2] Chavis filed the previous habeas petition in the United States District Court for the Southern District of Alabama, which then transferred the petition to this court under 28 U.S.C. § 2241(d). *See Chavis v. Wise, et al.*, Civil Action No. 1:09cv574-WKW, Doc. Nos. 3 & 4.

[3] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section
(continued...)

2

§ 2244(b)(3)(B) & (C).

It does not appear from the pleadings that Chavis has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Chavis] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for writ of habeas corpus should be denied and

---

$^3$(...continued)
2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

this case summarily dismissed.  *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Chavis be DENIED.

2.  This cause of action be DISMISSED under 28 U.S.C. § 2244(b)(3)(A), as Chavis has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that on or before August 7, 2015, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of July, 2015.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE